IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN D. WASHINGTON,**

        **Petitioner,**

**v.**                     **//**    **CIVIL ACTION NO. 1:13CV247**
                               **CRIMINAL ACTION NO. 1:12CR9**
                                    (Judge Keeley)

**UNITED STATES,**

        **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) filed by the petitioner, John D. Washington ("Washington"). Also pending is the Report and Recommendation ("R&R") of the Honorable John S. Kaull United States Magistrate Judge, recommending that the Court deny Washington's § 2255 motion (Dkt. No. 16).[1] The question presented is whether <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), is retroactively applicable, and if so, whether it requires the Court to vacate Washington's sentence. For the reasons that follow, the Court concludes that <u>Alleyne</u> is not retroactively applicable, and if it were, it is inapplicable to Washington. It therefore **ADOPTS**

---

[1] On October 1, 2015, after the retirement of Magistrate Judge Kaull, the case was reassigned to the Honorable Michael J. Aloi, United States Magistrate Judge (Dkt. No. 19).

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

the R&R, **OVERRULES** Washington's objections, **DENIES** the § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

### BACKGROUND[2]

On February 1, 2012, the United States filed an information charging Washington with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Case No. 1:12CR9, Dkt. No. 1). Washington pleaded guilty to the information on September 4, 2012. As part of his plea agreement, he waived his right to appeal any sentence within the statutory maximum, including his right to collaterally attack his sentence by a motion pursuant to 28 U.S.C. § 2255 (Case No. 1:12CR9, Dkt. No. 11 at 3).

During the sentencing hearing on October 26, 2012, the Court enhanced Washington's base offense level by four levels, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), because he possessed a firearm in connection with another felony, i.e., possession with intent to deliver cocaine (Case No. 1:12CR9, Dkt. No. 17 at 9; Dkt. No. 16 at 1). The four-level enhancement resulted in a total offense level of 21, which, in conjunction with a criminal history category V,

---

[2] All docket numbers, unless otherwise noted, refer to Case No. 1:13CV247.

2

**WASHINGTON V. UNITED STATES**  1:13CV247

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

produced a sentencing range of 70 to 87 months (Case No. 1:12CR9, Dkt. No. 16 at 1). The Court sentenced Washington within that guideline range to 78 months of imprisonment with three years of supervised release to follow (Case No. 1:12CR9, Dkt. No. 15).

Washington failed to file a direct appeal challenging his conviction or sentence. Nevertheless, on November 12, 2013, he filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction on four grounds: (1) his attorney was ineffective for failing to act as his advocate; (2) the Court lacked subject matter jurisdiction because the information did not charge an essential element of the crime; (3) the Court improperly enhanced his sentence beyond the offense charged by the grand jury; and (4) his attorney was ineffective for failing to object to the Court's use of prior convictions to enhance his sentence (Dkt. No. 1; Dkt. No. 5).

In opposing Washington's motion, the United States contended that (1) Washington waived his right to file a § 2255 motion; (2) he had procedurally defaulted his claims by not raising them on direct appeal; (3) he is precluded from raising sentencing issues in a habeas petition; (4) his claims are meritless; and (5) he failed to establish that his attorney was ineffective (Dkt. No. 9).

**WASHINGTON V. UNITED STATES** 1:13CV247

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

In his reply, Washington largely reiterated the arguments in his original motion, contending that the government had not addressed, and had therefore conceded to, all of the arguments in his motion (Dkt. No. 15).

After careful review, Magistrate Judge Kaull issued his R&R, which recommended that the Court deny Washington's motion and dismiss the case with prejudice (Dkt. No. 16). Magistrate Judge Kaull found that Washington had waived his collateral attack rights as to every claim except those of ineffective assistance of counsel. See id. at 5-7, 18. In the alternative, he concluded that Washington had procedurally defaulted all of his claims by failing to raise them on direct appeal, but that his ineffective assistance claims did not require the traditional cause and prejudice showing. Id. at 9-11, 18. Finally, Magistrate Judge Kaull found that Washington's claims lacked merit, for the following reasons: (1) the information contained all of the essential elements of the crime; (2) the Court did not improperly enhance Washington's sentence using 21 U.S.C. § 851, which only applies to controlled substance offenses; (3) Washington was not subject to any mandatory minimum sentence; (4) counsel was not

**WASHINGTON V. UNITED STATES** 1:13CV247

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

ineffective; and (5) Washington was not prejudiced by any deficiencies even had she been ineffective. Id. at 11-22.

When Washington objected to the R&R, he argued for the first time that Alleyne precluded this Court's enhancement of his sentence by four levels pursuant to U.S.S.G. § 2K2.1 (Dkt. No. 18). The matter is fully briefed and ripe for disposition.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979). Here, because Washington did not object to most of the specific conclusions in the R&R, the Court will review those conclusions for clear error. It will review the remainder of his argument de novo.

## LEGAL STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if

5

**WASHINGTON V. UNITED STATES**                        **1:13CV247**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

"the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## ANALYSIS

### I. Waiver, Procedural Default, Defective Information, and Ineffective Assistance of Counsel

Washington failed to object to Magistrate Judge Kaull's conclusions that he had waived and procedurally defaulted his claims, and that his claims of 1) a defective information, and 2) ineffective assistance of counsel are meritless (Dkt. No. 18). Although Washington's objection attempts to incorporate by reference his prior filings, it is well-established that the Court need not conduct a de novo review when a party makes only general, conclusory objections that fail to direct the Court to a specific error in the magistrate's proposed recommendations. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). To that end, the Court need not review de novo a response that "merely rehashes the same allegations raised in [the petitioner's] complaint or raises

**WASHINGTON V. UNITED STATES**                                1:13CV247

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

arguments that are incoherent." Littlejohn v. Obama, No. 7:14-812, 2015 WL 1275346, at *1 (D.S.C. Mar. 18, 2015). After careful review, the Court **FINDS** no clear error and **ADOPTS** the recommendations in the R&R. Webb, 468 F.Supp. at 828.

## II.  Alleyne v. United States

Washington claims that the Court should hold that Alleyne is retroactive and vacate his sentence because the four-level enhancement to his base offense level is "clearly errounous [sic] under Alleyne. . . ." (Dkt. No. 18 at 2). In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum penalty for a crime is an "element" that must be submitted to the jury and be found beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2155, 2158. As this Court has held on multiple occasions, the Supreme Court's ruling in Alleyne is not retroactively applicable. See, e.g., Billup v. Deboo, No. 2:14CV7, 2014 WL 4102479 at *2, *6 (N.D.W. Va. Aug. 13, 2014) (Bailey, J.) (holding that the Fourth Circuit has not made Alleyne retroactively applicable to cases on collateral review).

Even if Alleyne were retroactively applicable, it would not offer Washington the relief he seeks. His motion challenges the Court's decision to enhance his base offense level by four levels

7

**WASHINGTON V. UNITED STATES**                          **1:13CV247**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing a gun in connection with another felony offense (Dkt. No. 18 at 2-3). Washington's sentence indisputably did not involve a statutory mandatory minimum (Case No. 1:12CR9, Dkt. No. 16 at 1). The holding in Alleyne, however, applies only to those elements of a crime that must be found by a jury in order to apply a statutory minimum mandatory sentence. Alleyne, 133 S. Ct. at 2163.

In Alleyne, the Supreme Court clarified that its holding does not apply to guideline enhancements, such as Washington's enhancement for possessing a firearm in connection with another felony offense.[3] Id. ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). See also United States v. Steffen, 741 F.3d 411 (4th Cir. 2013)(affirming a district court's imposition of a three-level sentencing enhancement based on the defendant's aggravated role in

---

[3] To the extent Washington's objection could be construed as a challenge to the constitutionality of the United States Sentencing Guidelines, it is clear that the Guidelines are constitutional. Mistretta v. United States, 488 U.S. 361, 412 (1989).

**WASHINGTON V. UNITED STATES**                                1:13CV247

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

the charged offense). Thus, Alleyne is unavailing to Washington, and the Court **DENIES** his § 2255 motion.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

It is inappropriate to issue a certificate of appealability in this matter because Washington has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). A review of the record makes clear that Washington has failed to make the requisite showing, and the Court therefore **DENIES** a certificate of appealability.

**WASHINGTON V. UNITED STATES**                                      **1:13CV247**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 16], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

**CONCLUSION**

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 16), **OVERRULES** Washington's objections (Dkt. No. 18), **DENIES** Washington's § 2255 motion (Dkt. No. 1), and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: March 24, 2016.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE